UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER MONTES, | : | |
| | : | Civil Action No. 09-3726 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| WARDEN J. GRONDOLSKY, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES**:

Petitioner <u>pro</u> <u>se</u>
Christopher Montes
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

Petitioner Christopher Montes, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this Petition for writ of mandamus, under 28 U.S.C. § 1361, to compel the warden to act on his administrative remedy request. Petitioner has neither prepaid the $350 filing fee nor submitted an application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

Civil actions brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

This action is a civil action governed by the PLRA. See, e.g., Murray v. Grondolsky, Civil No. 09-3172, 2009 WL 2030911 (D.N.J. July 6, 2009); Martin v. Grimshaw, 198 F.3d 248 (Table), 1999 WL 1021705 (6th Cir. 1999) (mandamus action under 28 U.S.C. § 1361 is a "civil action" for purposes of PLRA); Martin v. U.S., 96 F.3d 853 (7th Cir. 1996) (same); In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA applies to § 1361 mandamus actions that seek relief analogous to civil rights complaints); Evans v. McConnell, 2009 WL 1560192 (W.D. Pa. June 3, 2009); Keys v. Dept. of Justice, 2009 WL 648926 at *1, *3 (M.D. Pa. Mar. 10, 2009). Cf. Madden v. Myers, 102 F.3d 74, 76-77 n.2 (3d Cir. 1996) (declining to decide whether PLRA applies to § 1361 actions in the nature of mandamus) with Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 2006 WL 3521880 (3d Cir. 2006) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of action for § 1361 writ of mandamus against Bureau of Prisons, and dismissing appeal under § 1915(e)(2)(B)).

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain

2

this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Petitioner may not have known when he submitted his Petition that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment

payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Petitioner failed either to prepay the $350 filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement. See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

The allegations of the Petition do not suggest that Petitioner is in imminent danger of serious physical injury.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Petition or assessing a filing fee.  Petitioner will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


At Camden, New Jersey		/s/ NOEL L. HILLMAN
				Noel L. Hillman
				United States District Judge

Dated: August 5, 2009

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).